IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ATLANTIC CASUALTY
INSURANCE COMPANY,

        Plaintiff,

v.

K&F INDUSTRIAL
CONTRACTORS, INC. and
SCHUFF STEEL-ATLANTIC, INC.
f/k/a ADDISON STEEL, INC.,

        Defendants.

Civil Action File
No. 1:07CV196-MEF

## DEFENSE, ANSWER AND COUNTERCLAIM

In response to the Complaint filed in this matter by Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty"), the Defendant Schuff Steel-Atlantic, Inc. f/k/a Addison Steel, Inc. ("Addison Steel"), states as follows:

## FIRST AFFIRMATIVE DEFENSE

The claims and defenses asserted by the Plaintiff are barred by the doctrine of waiver.

## SECOND AFFIRMATIVE DEFENSE

The claims and defenses asserted by the Plaintiff are barred by the doctrine of estoppel.

## ANSWER

### 1.

Paragraph 1 of the Complaint is admitted.

### 2.

Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint; therefore, those allegations are denied.

### 3.

Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint; therefore, those allegations are denied.

### 4.

Paragraph 4 of the Complaint is admitted.

### 5.

Paragraph 5 of the Complaint is admitted.

### 6.

Paragraph 6 of the Complaint is admitted.

### 7.

Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint; therefore, those allegations are denied.

8.

Paragraph 8 of the Complaint is admitted.

9.

Paragraph 9 of the Complaint is admitted.

10.

Paragraph 10 of the Complaint is denied.

11.

Paragraph 11 of the Complaint is denied.

12.

Paragraph 12 of the Complaint is denied.

13.

Paragraph 13 of the Complaint is admitted.

14.

In response to the allegations contained in Paragraph 14 of the Complaint, Defendant admits that Capital Construction Company alleged in its Complaint that Addison Steel failed to adequately perform its subcontract obligations for certain work at the Project. Defendant denies that these were the only allegations against the Defendant in the Capital Construction Company action.

15.

Paragraph 15 of the Complaint is admitted.

16.

Paragraph 16 of the Complaint is denied.

17.

Paragraph 17 of the Complaint is admitted.

18.

Paragraph 18 of the Complaint is admitted.

19.

Paragraph 19 of the Complaint is admitted.

20.

Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint; therefore, those allegations are denied.

21.

Defendant incorporates herein by reference its prior responses to Paragraphs 1 through 20 of the Plaintiff's Complaint.

22.

Paragraph 22 of the Complaint is denied.

23.

Paragraph 23 of the Complaint is denied.

24.

Paragraph 24 of the Complaint is denied.

25.

Paragraph 25 of the Complaint is denied.

26.

To the extent the allegations in Paragraph 26 call for a response, those allegations are denied.

27.

To the extent not expressly admitted herein, any remaining allegations of the Complaint are denied.

**WHEREFORE**, having fully answered the Complaint, the Defendant Addison Steel prays that the Plaintiff's Complaint be dismissed, that all costs of this action be taxed against the Plaintiff, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim, Schuff Steel-Atlantic, Inc. f/k/a Addison Steel, Inc. ("Addison Steel") states as follows:

1.

Addison Steel is a corporation incorporated under the laws of the State of Florida, having its principal place of business in Orlando, Florida.

2.

Atlantic Casualty Insurance Company ("Atlantic Casualty") is a foreign corporation, having its principal place of business in a place other than the State of Alabama.

3.

The amount in controversy, exclusive of interest and costs, exceeds the value or sum of $75,000.00.

4.

Capital Construction Company ("Capital") entered into a subcontract with Addison Steel in connection with a construction project at Robins Air Force Base in Warner Robins, Georgia, for the construction of an Airmen's Dining Hall facility ("the Project"). Addison Steel subcontracted the steel erection portion of its contract work to K&F Industrial Contractors, Inc. ("K&F").

5.

Atlantic Casualty issued to K&F policies of liability insurance (herein "the Insurance Policies") which were in force and effect during the course of the construction Project.

6.

Addison Steel was named as an additional insured on the Insurance Policies issued by Atlantic Casualty to K&F in connection with the Project.

7.

During the course of the Project, K&F, through its negligence, damaged the property of Capital and other subcontractors to Capital on the Project.

8.

In October of 2003, Capital filed suit against Addison Steel in Gwinnett County Superior Court, Georgia (herein "the Capital Action"), alleging, among other things, that Addison Steel was responsible for the property damage occasioned by the negligence of K&F.

9.

Thereafter, Addison Steel filed a Third-Party Complaint against K&F in the Capital Action.

10.

Upon being served with the Third-Party Complaint, K&F notified Atlantic Casualty of the property damage claim by, among other things, delivering a copy of the Third-Party Complaint to Atlantic Casualty's agent in Alabama.

11.

In the Capital action, Addison Steel was required to make payment to Capital in an amount no less than $151,747.00, which amount represented payment for the third-party property damage caused by the negligence of K&F.

12.

As an additional insured under the Insurance Policies, Addison Steel submitted a claim to Atlantic Casualty for reimbursement of the $151,747.00 paid by Addison Steel to Capital.

13.

In response to the claim of Addison Steel, Atlantic Casualty filed a declaratory judgment action and refused to make any payment to Addison Steel.

14.

Pursuant to the Insurance Policies, the damages sustained by Addison Steel as a result of the K&F third-party property damage is a covered loss under the Insurance Policies, and Atlantic Casualty is liable to Addison Steel for these costs.

15.

Addison Steel has satisfied all conditions precedent to the bringing of this action, or those conditions have been waived.

**WHEREFORE,** Addison Steel demands judgment in its favor and against Atlantic Casualty in the amount of $151,747.00, or such other amount as may be established at trial, plus interest thereon, for all costs and attorneys' fees incurred in the bringing of this action, and for such other and further relief as the Court deems just and proper.

This the 30th day of April, 2007.

**TROUTMAN SANDERS LLP**

**s/ Frank E. Riggs, Jr.**
Frank E. Riggs, Jr.
Georgia Bar No. 605550
*Admitted Pro Hac Vice*

5200 Bank of America Plaza           Attorney for Schuff Steel-Atlantic, Inc. f/k/a
600 Peachtree Street, N.E.            Addison Steel, Inc.
Atlanta, Georgia  30308-2216
Telephone:  (404) 885-3353
Facsimile:  (404) 962-6662
E-mail:  frank.riggs@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, a DEFENSE, ANSWER AND COUNTERCLAIM was filed on behalf Schuff Steel-Atlantic, Inc. f/k/a Addison Steel, Inc., with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Owen, Esq.
C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, PA
2000 Interstate Park Drive, #204
Montgomery, Alabama  36109-2148

Paul W. Burke, Esq.
Drew, Eckl & Farnham, LLP
880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia  30357-0600

Derek Yarborough, Esq.
Motley, Motley & Yarborough
117 East Main Street
Dothan, Alabama  36301

and a copy has been mailed by United States Postal Service to the following non-CM/ECF participants:  NONE

**s/ Frank E. Riggs, Jr.**
Frank E. Riggs, Jr.
*Admitted Pro Hac Vice*
Attorney for Defendant Schuff Steel-Atlantic,
Inc. f/k/a Addison Steel, Inc.
**TROUTMAN SANDERS LLP**
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
Telephone:   404-885-3000
Facsimile:   404-885-3900
E-mail:frank.riggs@troutmansanders.com

033891.1.1791383.1

10